# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JANIS EARLY,

    Plaintiff,

v.                                                                                CASE NO: 8:16-CV-3528-T-30MAP

PEDIATRIC HEALTH CARE ALLIANCE, P.A.
and PEDIATRIC HEALTH ALLIANCE, LLC,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Pediatric Health Care Alliance, P.A.'s Motion to Strike (Dkt. 29) and Plaintiff's Response in Opposition (Dkt. 30). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied.

## DISCUSSION

This is an employment action; Plaintiff, a former employee of Defendants, alleges Title VII hostile work environment and retaliation claims against both Defendants and a negligent retention claim against Defendant Pediatric Health Care Alliance, P.A. ("PHCA"). Although the majority of Plaintiff's claims describe gender-based discrimination, including sexual harassment, Plaintiff's negligent retention claim against PHCA broadly alleges that PHCA did not appropriately investigate its own employees, specifically, Plaintiff's supervisor, Salil G. Jacob. Plaintiff alleges that Jacob was involved "in the creation and

permeation of a hostile work environment" against Plaintiff "and other employees." And that PHCA was aware of multiple incidents revealing Jacob's "unfitness" to remain employed as Plaintiff's supervisor, yet, PHCA failed to take appropriate disciplinary action against Jacob. (Dkt. 21).

PHCA's motion to strike moves to strike, under Rule 12(f) of the Federal Rules of Civil Procedure, paragraph 20, subsections (n) and (o), of Plaintiff's second amended complaint, which state:

> n. On multiple occasions, Jacob, in the presence of Early and other employees, would state that he knew a particular African American female employee by the name of "TJ" was working because there was fried chicken in the break room refrigerator. When asked by Early what he meant, Jacob said "only black people eat fried chicken."
>
> o. On multiple occasions, in the presence of Early, Jacob would make racially charged comments directed at one or more of the African-American female employees at the office, including asking "Do you know how to cook ham hocks and neck bones? All black people know how to cook those"; "I bought fried chicken and soda, only TJ and Pinky (two African-American employees of the Defendant) can have some, because only black people eat fried chicken and soda together." Upon hearing these comments, Early immediately advised Jacob that she was offended by the comments and for him to stop.

(Dkt. 21). PHCA argues that these allegations are immaterial, prejudicial, and completely unrelated to the sexual harassment and gender-based discrimination claims. PHCA's motion is denied because the drastic remedy of striking these allegations is not warranted here.

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a party may move to strike from a pleading any "redundant, immaterial, impertinent, or scandalous matter." But striking an allegation from a pleading is an extreme measure that is rarely granted. *See*

*Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) ("A motion to strike is a drastic remedy ... which is disfavored by the courts." (internal quotation marks omitted)). Generally, a motion to strike will "be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Seibel v. Soc'y Lease, Inc.*, 969 F. Supp. 713, 715 (M.D. Fla. 1997).

The subject allegations describe Jacob's inappropriate workplace conduct, which potentially relates to the negligent retention claim to the extent that Plaintiff claims that PHCA was aware of this conduct and failed to take disciplinary action against Jacob. The allegations also relate to Plaintiff's claims that Jacob created a hostile work environment. Moreover, PHCA has not pointed to any prejudice suffered on its part if the subject allegations remain other than to state in a completely conclusory fashion that these allegations are "very prejudicial." This is insufficient.

It is therefore **ORDERED AND ADJUDGED** that Defendant Pediatric Health Care Alliance, P.A.'s Motion to Strike (Dkt. 29) is denied.

**DONE** and **ORDERED** in Tampa, Florida on July 12, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record